UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MI JA PARK<br>12308 Village Square Terr. Apt. 301<br>Rockville, MD 20852<br>Montgomery County Resident,<br><br>and<br><br>EUN YOUNG BANG<br>12405 Village Square Terr. Apt. 301<br>Rockville, MD 20852<br>Montgomery County Resident,<br><br>Plaintiffs,<br><br>v.<br><br>MYUNG GA OF MD, INC. d/b/a Lighthouse<br>    Tofu<br>12710 Twinbrook Pkwy<br>Rockville, MD 20852<br>Montgomery County Resident,<br><br>SUNG RO LEE<br>5125 Portsmouth Road<br>Fairfax, VA 22032,<br><br>and<br><br>SHIN CHA LEE<br>5125 Portsmouth Road<br>Fairfax, VA 22032,<br><br>Defendants. | Civil Action No. 8:15-cv-03606<br><br>JURY DEMAND |

## **COMPLAINT**

Plaintiffs MI JA PARK ("PARK") and EUN YOUNG BANG ("BANG", and together with Park, "Plaintiffs"), by and through the undersigned attorneys, hereby file this Complaint against Defendants MYUNG GA OF MD, INC. ("Lighthouse"), SUNG RO LEE ("S.R. LEE"), and SHIN CHA LEE ("S.C.

1

LEE," together with S.R. LEE, "Individual Defendants," and collectively with Lighthouse, "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the Maryland Wage and Hour Law, Md. Code Ann. § 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann. § 3-501 *et seq.* ("MWPCL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) treble damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337 for claims asserted under the FLSA and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132 on the following grounds: (a) a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District; (b) a substantial part of the property that is the subject of this action is situated in this District; and (c) Defendants transact business within this District.

## PARTIES

5. Plaintiff MI JA PARK is an individual who, during all times relevant to this lawsuit, has resided in Montgomery County, Maryland.

6. Plaintiff EUN YOUNG BANG is an individual who, during all times relevant to this lawsuit, has resided in Montgomery County, Maryland.

7. The Defendants operate, and during all times relevant to this lawsuit have operated, a restaurant enterprise under the trade name "Lighthouse Tofu" located at 12710 Twinbrook Parkway, Rockville, MD 20852.

8. Defendant MYUNG GA OF MD, INC. ("Lighthouse") is a domestic business corporation organized under the laws of the State of Maryland, with a principal place of business located at 12710 Twinbrook Parkway, Rockville, MD 20852. The assets of the Lighthouse Tofu restaurant enterprise are held through MYUNG GA OF MD, INC.

9. Upon information and belief, Defendant SUNG RO LEE ("S.R. LEE") is a resident of Fairfax, Virginia and is an owner and operator of Lighthouse, with both actual and apparent authority to bind, and set wage-hour policies and practices for, Lighthouse.

10. Upon information and belief, Defendant SHIN CHA LEE ("S.C. LEE") is a resident of Fairfax, Virginia and is an owner and operator of Lighthouse, with both actual and apparent authority to bind, and set wage-hour policies and practices for, Lighthouse.

11. The Individual Defendants exercised control over the terms and conditions of employment of Plaintiffs.

12. Each of the Individual Defendants exercised the power and authority to (i) hire and fire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs.

13. Each of the Individual Defendants had the power and authority to supervise Plaintiffs.

14. Defendants are, and at all relevant times were, employers within the meaning of and subject to the requirements of the FLSA and the MWHL. Lighthouse is, and at all relevant times was, an employer within the meaning of the MWPCL.

15. At all relevant times, Lighthouse was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

17. Plaintiff PARK was hired to work as a waitress at Lighthouse Tofu on or about February 16, 2011. At all times, Lighthouse Tofu was operated by Defendants.

18. Plaintiff PARK continued to be employed as a waitress at Lighthouse Tofu until her employment was terminated by Defendants on or about August 4, 2015.

19. Plaintiff BANG was hired to work as a waitress at Lighthouse Tofu on or about March 5, 2012. At all times, Lighthouse Tofu was operated by Defendants.

20. Plaintiff BANG continued to be employed as a waitress at Lighthouse Tofu until her employment was terminated by Defendants on or about August 13, 2015.

21. During the period of their employment, all Defendants suffered and permitted Plaintiffs to work at Lighthouse Tofu on their behalf. Plaintiffs worked those hours that Defendants scheduled or instructed them to work.

22. During their employment by Defendants, Plaintiffs regularly worked more than forty (40) hours per week. Plaintiffs typically were scheduled for and worked five (5) days per week for twelve (12) hours each day.

23. At all times relevant to this lawsuit, Plaintiff PARK was paid an hourly wage below the applicable minimum wage, with hourly pay ranging from $3.00 per hour in February 2011 to $4.00 per hour at the time of her termination.

24. At all times relevant to this lawsuit, Plaintiff BANG was paid an hourly wage below the applicable minimum wage, with hourly pay ranging from $3.00 per hour in March 2012 to $4.00 per hour at the time of her termination.

25. Defendants never notified Plaintiffs of the rights and obligations under the FLSA and MWHL, including but not limited to 28 U.S.C. § 203(m) and Md. Code Ann. § 3-419.

26. Upon information and belief, Defendants routinely stole tips from Plaintiffs and prevented Plaintiffs from keeping all of the tips that they received from customers. Plaintiffs were required to place all cash tips in a jar to be divided between all waitresses and a "house boy" at the end of the day. Upon information and belief, Defendants, however, routinely failed to place tips that they collected into the tip jar and also routinely removed cash from the tip jar during the day, before it could be distributed to Plaintiffs.

27. As regards tips paid via credit card, the monies paid by customers were to be entered into the credit card machine, and the amount of "tips" listed on end-of-day reports would then be divided among the waitresses. When entering information from the handwritten receipts into the credit card machine, however, Defendants routinely combined the handwritten tip amount with the total bill. Defendants then failed to pay Plaintiff their tips correctly, as the tip amount would not appear as a "tip" on the end-of-day reports and was thus not distributed to Plaintiffs.

28. Plaintiffs received paychecks from Lighthouse approximately every two weeks. These paychecks failed to compensate Plaintiffs for all hours worked, including minimum wage and overtime

payments. Paychecks issued to Plaintiff PARK routinely compensated her for 48 or 60 hours worked per pay period, at the applicable hourly rates listed above. Paychecks issued to Plaintiff BANG routinely compensated her for 80 or 84 hours worked per pay period, at the applicable hourly rates listed above.

29. For the remainder of the hours Plaintiffs worked but were not compensated for in their paychecks, Defendants paid Plaintiffs in cash, at their applicable hourly rates listed above. Such cash payments were given to Plaintiffs each payday, inside the envelope that also contained their official paycheck. Neither the official paychecks nor the cash payments included any required minimum wage or overtime premium payments.

30. At all times relevant to this lawsuit, Defendants did not maintain any kind of formal time keeping mechanism to record Plaintiffs' work hours.

31. Defendants willfully failed to pay Plaintiffs minimum wages as defined by 29 U.S.C. § 206(a), Md. Code Ann. § 3-413(b), and/or the Montgomery County Minimum Wage Law ("MCMWL"), Montgomery County Code Chapter 27, Article XI.

32. At all relevant times, Defendants knowingly and willfully operated their business with a policy of refusing to pay Plaintiffs the required minimum wage under the FLSA, MWHL, and MCMWL.

33. Defendants willfully failed to pay Plaintiffs overtime compensation for all of the overtime hours that they worked, as defined by 29 U.S.C. § 207(a) and/or Md. Code Ann. § 3-502.

34. At all relevant times, Defendants knowingly and willfully operated their business with a policy of refusing to pay Plaintiffs proper compensation for the overtime hours Plaintiffs worked at Lighthouse.

35.     On information and belief, Defendants knew that the minimal payments they made to Plaintiffs did not and could not meet legal requirements under the wage hour laws.  Defendants' course of conduct, in the face of such blatantly inadequate payments, showed a willful disregard of their legal obligations toward Plaintiffs.

36.     On or about August 4, 2015, Plaintiff PARK complained to Defendant S.C. Lee about Defendants' failure to pay all wages due.

37.     On or about August 6, 2014, Defendants requested that Plaintiff PARK come to Lighthouse Tofu on her day off.  Plaintiff PARK against complained to Defendants about their failure to pay her all wages due, including tips.  Thereafter, Plaintiff PARK's employment was terminated by Defendants on August 6, 2015, as a result of her complaint about Defendants' failure to pay all wages due.  Plaintiff PARK threatened to report Defendants to a government agency for wrongful termination in retaliation for her complaint about Defendants' failure to pay all wages due.

38.     On or about August 9, 2015, after learning that Plaintiff PARK's employment had been terminated in retaliation for her complaint about Defendants' failure to pay all wages due, Plaintiff BANG resigned her employment.  Defendants requested that Plaintiff BANG give two weeks' notice before her final day of work.  Defendants S.C. Lee and S.R. Lee asked Plaintiff BANG whether she was resigning for the same reasons that Plaintiff PARK had complained about.  Plaintiff BANG confirmed that she was resigning for the same reasons that Plaintiff PARK had complained – in other words, Defendants' failure to pay all wages due.

39.     Before her two weeks' notice ended, Plaintiff BANG's employment was terminated by Defendants on or about August 13, 2015, as a result of raising her concerns about Defendants' failure to

pay all wages due, thereby denying Plaintiff BANG of, *inter alia*, the wages she expected for the remainder of the two week notice period.

40. Upon termination of Plaintiffs' employment, Defendant Lighthouse willfully failed to pay Plaintiffs all wages due on or before the day on which they would have been paid had their employment not been terminated, as required by Md. Code Ann. § 3-505.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiffs reallege and reaver Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

44. Plaintiffs are entitled to be paid for all hours worked under the FLSA, including without limitation minimum wages and overtime compensation.

45. At all relevant times, the Defendants had a policy and practice of willfully refusing to compensate Plaintiffs for all hours worked under the FLSA, including without limitation minimum wages and overtime compensation.

46. At all relevant times, Plaintiffs worked more than forty (40) hours per week, and regularly worked approximately sixty (60) hours per week.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum rate for all hours worked

and at the statutory rate of time and one half for all hours worked in excess of forty (40) per week when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA, § 203(m).

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to recovery against Defendants, including without limitation unpaid wages, liquidated damages, and reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## COUNT II

## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

50. Plaintiffs reallege and reaver Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the MWHL, including without limitation minimum wages and overtime compensation.

52. Plaintiffs are entitled to be paid for all hours worked under the MWHL, including without limitation minimum wages and overtime compensation.

53. At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiffs at the statutory minimum rate for all hours worked and at the statutory rate of time and one half for all hours worked in excess of forty (40) per week.

54. At all relevant times, Plaintiffs worked more than forty (40) hours per week, and regularly worked approximately sixty (60) hours per week.

55. Defendants knew of and/or showed a willful disregard for the provisions of the MWHL as evidenced by their failure to compensate Plaintiffs at the statutory minimum rate for all hours worked

and at the statutory rate of time and one half for all hours worked in excess of forty (40) per week when Defendants knew or should have known such was due.

56. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the MWHL.

57. As a direct and proximate result of Defendants' willful disregard of the MWHL, Plaintiffs are entitled to recovery against Defendants, including without limitation unpaid wages and reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## COUNT III

## VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW
### (Against Defendant Lighthouse)

58. Plaintiffs reallege and reaver Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. Plaintiffs are entitled to be paid all wages due to them within certain timeframes under the MWPCL.

60. Defendant Lighthouse willfully violated the requirements of the MWPCL in failing, upon the termination of Plaintiffs' employment, to pay Plaintiffs all wages due to them on or before the day on which they would have been paid had their employment not been terminated.

61. Defendant Lighthouse's failure to pay wages due to Plaintiffs was not the result of a bona fide dispute.

62. Plaintiffs are entitled to recover against Defendant Lighthouse including, without limitation, unpaid wages, treble damages, and reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## COUNT V

## **RETALIATION**

63. Plaintiffs reallege and reaver Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. Plaintiffs complained to Defendants, on separate occasions, in August 2015 regarding the payment of wages due to them. These complaints constitute protected activity under the FLSA and MWHL.

65. In response to this protected activity and as a direct consequence thereof, Defendants terminated Plaintiffs' employment in August 2015.

66. Plaintiffs' unlawful termination caused them damage including, without limitation, lost wages and attorneys' fees.

67. Plaintiffs are entitled to recovery against Defendants, including without limitation unpaid wages, liquidated damages, and reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues in this Complaint and in all issues which may hereafter arise in this action which are triable of right by a jury.

## **REQUEST FOR RELIEF**

In consideration of the foregoing, Plaintiffs hereby request that, upon trial by jury, the Court enter a judgment in favor of Plaintiffs and against Defendants, jointly and severally, providing for the following relief:

a. An award of actual damages, both compensatory and consequential, in an amount to be determined by the jury;

b. Liquidated damages pursuant to the claims asserted under the FLSA;

c. Treble damages pursuant to the claims asserted under the MWPCL;

d. Back pay for Plaintiffs, or such other equitable or legal relief as the Court may deem appropriate;

e. Reasonable attorneys' fees and costs, including without limitation attorneys' fees and costs pursuant to the claims asserted under the FLSA, MWHL, and MWPCL;

f. Prejudgment and post-judgment interest at the highest rate(s) allowed by law; and

g. Such further relief which this Court may deem appropriate and to which Plaintiffs are entitled.

Dated: November 25, 2015                                   Respectfully submitted,

/s/ Christine B. Hawes
Christine B. Hawes (Bar No. 12562)
Andrew W. Bagley (Bar No. 17154)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500
(202) 628-5116 (fax)
chawes@crowell.com
abagley@crowell.com

*Attorneys for Plaintiffs*