# **EXHIBIT A**

# SETTLEMENT AND RELEASE AGREEMENT

This Release and Settlement Agreement ("Settlement Agreement") is entered into on June__, 2016, by and between Mi Ja Park and Eun Young Bang ("Plaintiffs") and Myung Ga of MD, Inc., ("Lighthouse Tofu"), Sung Ro Lee and Shin Cha Lee (together with Lighthouse Tofu, "Defendants").

## RECITALS

A. WHEREAS, Plaintiffs were employed as waitresses at Lighthouse Tofu; and

B. WHEREAS, Plaintiffs were part of a lawsuit against Lighthouse Tofu in federal court in Maryland, Park v. MYUNG GA OF MD et al., Case No. 8:15-cv-03606-PWG, filed in the fall of 2015, seeking unpaid wages, overtime payments, and other damages arising out of purported violations of the Fair Labor Standards Act and Maryland law ("the Lawsuit"); and

C. WHEREAS, Defendants denied the allegations contained in the Lawsuit;

D. WHEREAS, Defendants proffered to Plaintiffs' counsel with Defendants' own assessment and calculation of the claims based on the Defendants' business records for each Plaintiff during the entire period for each Plaintiff's employment with Lighthouse Tofu;

E. WHEREAS, the Parties desire to resolve the claims asserted in the Lawsuit on the terms set forth in this Settlement Agreement, without any party acknowledging any fault or liability.

NOW, THEREFORE, in consideration of the mutual promises, covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. **Settlement Amount.** Defendants shall pay to Plaintiffs and counsel in this case the total sum of $80,000 (the "Settlement Payment") (minus applicable payroll withholdings for the portion thereof constituting wage payments to Plaintiffs). The Settlement Payment shall be allocated as follows:

   (a) $39,166.50 to Plaintiff Mi Ja Park, with $19,583.25 as wages reportable on a W-2 form (and subject to applicable withholdings), and $19,583.25 as liquidated damages reportable on a Form 1099 (and not subject to withholdings);

   (b) $39,166.50 to Plaintiff Eun Young Bang, with $19,583.25 as wages reportable on a W-2 form (and subject to applicable withholdings), and $19,583.25 as liquidated damages reportable on a Form 1099 (and not subject to withholdings); and

   (c) One check payable to Crowell & Moring, LLP in the amount of $1,667.50.

   Plaintiffs acknowledge this is a benefit to which they are not otherwise entitled.

Plaintiffs further understand and agree that the following are express conditions precedent to payment of the Settlement Amount: (a) Plaintiffs must present the executed Settlement Agreement and General Release to Jonathan Ahn, Esq.; (b) Plaintiffs and their attorney must submit a completed and executed W-9 form from both Plaintiffs and Crowell & Moring, LLP to Jonathan Ahn, Esq.; and (c) the dismissal of the Lawsuit with prejudice following the granting of the Parties' Joint Motion to Approve Settlement Agreement. The Settlement Payment shall be made within seven (7) days following the dismissal of the Lawsuit with prejudice. The Settlement Payment is made in full and final settlement of all Plaintiffs' claims in the Lawsuit. Defendants shall pay the appropriate tax authorities the employer portion of any and all payroll taxes required to be paid in connection with these payments.

2. **Dismissal of the Lawsuit and Court Approval.** Plaintiffs understand and agree that this Settlement Agreement terminates the Lawsuit with prejudice. Plaintiffs further agree that the Parties will file a Joint Motion to Approve Settlement Agreement within five (5) business days following the full execution of this Agreement. The Parties' Joint Motion to Approve Settlement Agreement will seek review and approval of this Settlement Agreement, as well as the dismissal of the Litigation with prejudice, to the extent practicable under the law. It is expressly acknowledged and understood that this Paragraph 2 constitutes a material term of this Settlement Agreement and that Defendants shall not be obligated to deliver the Settlement Amount to Plaintiffs and/or their attorneys, unless and until the Parties' Joint Motion to Approve Settlement Agreement is granted and the Litigation is dismissed with prejudice. The Parties agree that their respective obligations hereunder are conditioned on the Court granting such approval. In the event that the Court does not approve this Settlement Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify this Settlement Agreement in a form acceptable to both the Parties and the Court.

3. **Mutual General Release.**

a. Plaintiffs, on behalf of themselves their respective past, present and future representatives, attorneys, agents, heirs, successors and assigns ("Plaintiffs' Parties"), hereby release Defendants, including Lighthouse Tofu, its past and current employees, directors, managers, officers, representatives, affiliates, attorneys, agents, successors and assigns (the "Released Defendant Parties") and each of them, to and from any and all claims, demands, causes of action, obligations, damages, and liabilities, whether or not now known, suspected, or claimed, that Plaintiffs possess or may possess against the Released Defendant Parties arising from any omissions, acts, or facts that have occurred up until and including the Effective Date of this Settlement Agreement, including without limitation: (a) any and all claims relating to or arising from Plaintiffs' employment with Defendants, including all claims relating to wage payments of any kind; (b) any and all claims relating to the termination or resignation of their employment, if applicable, including claims for wrongful termination of employment, termination in violation of public policy, discrimination, breach of contract, either express or implied, breach of a covenant of good faith and fair dealing, either express or implied, promissory estoppel, negligent or intentional infliction of emotional distress, negligent or intentional misrepresentation, negligent or intentional interference with contract or prospective economic advantage, unfair business practices, defamation, libel, slander, negligence, personal injury, or conversion; (c) any and all claims for violation of any federal, state, or municipal statute, including without limitation the

2

Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment §§ 3-501 *et seq.*, Maryland Wage and Hour Law, Md. Code Ann., Labor & Employment §§ 3-401 *et seq.* and all state, local and municipal anti-discrimination and wage payment laws; (d) any and all claims for violation of the federal or any state constitution; (e) any and all claims arising out of any other laws and regulations relating to employment or employment discrimination; (f) any and all known and unknown claims, promises, causes of action, complaints, grievances or similar rights of any type that the Plaintiffs' Parties presently may have ("Plaintiffs' Potential Claims") with respect to any Released Defendant Parties in connection with and relating to the Plaintiffs' Potential Claims, including any claim for attorney's fees, penalties, interests, expenses, and reimbursements, and (g) any and all claims for attorneys' fees and costs incurred in the prosecution of Plaintiffs' claims, except as specifically set forth in Paragraph 1 of this Settlement Agreement. Plaintiffs agrees that the release set forth in this Paragraph shall be and remain in effect in all respects as a complete and general release as to the matters released. Notwithstanding any other provision of this Agreement, this release does not extend (1) to any obligations incurred under this Settlement Agreement, (2) to workers' compensation and unemployment insurance claims, (3) to claims that cannot be waived as a matter of law, and (4) to events occurring after the Effective Date.

    b. Defendants, on behalf of themselves and their respective past, present and future representatives, attorneys, agents, heirs, successors and assigns, hereby release Plaintiffs, their past and current representatives, affiliates, attorneys, agents, family members, successors and assigns (the "Released Plaintiff Parties") and each of them, to and from any and all claims, demands, causes of action, obligations, damages, and liabilities, whether or not now known, suspected, or claimed, that Defendants possess or may possess against the Released Plaintiff Parties arising from any omissions, acts, or facts that have occurred up until and including the Effective Date of this Settlement Agreement, including without limitation: (a) any and all claims relating to or arising from Plaintiffs' employment with Defendants; (b) any and all claims for violation of the federal or any state constitution; (c) any and all claims arising out of any other laws and regulations; (d) any and all known and unknown claims, promises, causes of action, complaints, grievances or similar rights of any type that the Defendants presently may have ("Defendants' Potential Claims") with respect to any Released Plaintiff Parties in connection with and relating to the Defendants' Potential Claims, including any claim for attorney's fees, penalties, interests, expenses, and reimbursements; and (e) any and all claims for attorneys' fees and costs incurred. Defendants agree that the release set forth in this Paragraph shall be and remain in effect in all respects as a complete and general release as to the matters released. Notwithstanding any other provision of this Agreement, this release does not extend (1) to any obligations incurred under this Settlement Agreement, (2) to claims that cannot be waived as a matter of law, and (3) to events occurring after the Effective Date.

Case 8:15-cv-03606-PWG  Document 8-1  Filed 07/20/16  Page 4 of 8

    4.  **NON-ADMISSION OF LIABILITY:** This Settlement Agreement and the promises and payments made pursuant to this Settlement Agreement are not, and shall not be deemed, an admission of liability or violation of any applicable law, contract provision, rule, regulation, or benefit plan, or an admission or any liability or wrongdoing whatsoever by Plaintiffs or Defendants. Plaintiffs and Defendants expressly deny any such liability or violation.

3

5.  **Taxes.** Plaintiffs understand and agree that payment of monies herein set forth is in the nature of compensation for any and all claims including, but not limited, alleged wages, liquidated damages, and counsel fees and costs claimed by Plaintiffs. Plaintiffs have full and complete responsibility for any taxes, penalties or assessments of any kind, which may become due in connection with payments made under this Settlement Agreement for which Defendants did not withhold taxes. Plaintiffs further agree to indemnify and hold harmless the Defendants from any and all liabilities, penalties, interest, costs, expenses, losses, damages, and reasonable attorneys' fees which Defendants may hereafter sustain, incur or be required to pay by any taxing authority as a consequence of, arising out of, or relating in any way to the Settlement Payment. Notwithstanding the foregoing, the Defendants shall remain liable for any Federal, State, County, local, municipal or other *employer* taxes that are determined to be due as a result of the Settlement Payment.

6.  **Non-Disparagement.** Plaintiffs' Parties agree to refrain from any defamation, libel, or slander of Defendants, or tortious interference with the contracts and relationships of Defendants. Plaintiffs further agree that they will not act in any manner that might damage the business or reputation of Defendants or their employees. Defendants Parties agree to refrain from any defamation, libel, or slander of Plaintiffs or Plaintiffs' Parties.

7.  **No Retaliation Against Plaintiffs and Plaintiff's Family Members.** Defendants acknowledge and agree that it is a material term of this Agreement that they are to refrain from taking any adverse action against Plaintiffs or against any member of Plaintiffs' families.

8.  **Representations and Warranties.** The Parties represent and warrant that (a) they have the full power and authority to enter into this Settlement Agreement, and (b) they have not sold, assigned, transferred, conveyed, hypothecated, encumbered, or otherwise disposed of an interest in any of the claims or demands relating to any subject matter covered by this Settlement Agreement.

9.  **Remedies for Breach.** In the event that a party to this Settlement Agreement breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties or representations of this Settlement Agreement (the "Breach"), the non-breaching party is entitled to recover against the breaching party damages, including costs, expenses and reasonable attorneys' fees accruing to the non-breaching party as a consequence of the Breach (including those incurred during appeals and collection proceedings).

10. **Counterparts.** This Settlement Agreement may be executed in partially executed counterparts, each of which shall be deemed an original and shall bind the signatory, but all of which together shall constitute but one and the same instrument.

11. **Severability.** In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Settlement Agreement shall continue in full force and effect without said provision, except Paragraphs 1, 3, 4 and 5, which are deemed so central to the parties' agreement that their removal will render this Agreement null and void.

12. **Entire Agreement.** This Settlement Agreement is the entire agreement and understanding between the Parties. The Parties further agree that this Settlement Agreement may not be altered except in a writing duly executed by the Parties. The laws of the State of Maryland shall govern this Settlement Agreement.

13. **Drafting.** Each party has cooperated in the drafting and preparation of this Settlement Agreement through counsel. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any party on the basis that the party was the drafter.

14. **Modification.** This Settlement Agreement cannot be modified except in a written document signed by all Parties to whom such modification would apply, or as otherwise stated herein.

15. **Effective Date.** This Settlement Agreement becomes effective upon the Court's approval of this Agreement.

16. **Voluntary Execution of Settlement Agreement.** The Parties enter into this Settlement Agreement voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing claims as set forth above. The Parties acknowledge that:

    (a). They have read this Settlement Agreement;

    (b). They have been represented in the preparation, negotiation, and execution of this Settlement Agreement by legal counsel of their own choice;

    (c). They know and understand the terms and consequences of this Settlement Agreement and of the releases it contains; and

    (d). They are fully aware of the legal and binding effect of this Settlement Agreement.

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

\*\*\*\*\*\*\* SIGNATURES ON A SEPARAGE PAGE \*\*\*\*\*\*\*

Case 8:15-cv-03606-PWG   Document 8-1   Filed 07/29/16   Page 6 of 8

5

**MYUNG GA OF MD, INC.**

By: _____/s/_____

Date: 6/29/16

**SUNG RO LEE**

_____/s/_____

Date: 6/29/16

**SHIN CHA LEE**

_____/s/_____

Date: 6/29/16

**EUN YOUNG BANG**

_____

Date: _____

**MI JA PARK**

_____

Date: _____

Case 8:15-cv-03606-PWG   Document 8-1   Filed 07/29/16   Page 7 of 8

6

**MYUNG GA OF MD, INC.**

By _____

Date: _____

**SUNG RO LEE**

_____

Date: _____

**SHIN CHA LEE**

_____

Date: _____

**EUN YOUNG BANG**

*/s/ [signature]*

Date: 7/11/2016

**MI JA PARK**

*/s/ mijapark*

Date: 07/11/2016